■ RAYMOND P. KANE et al., Respondents, v. FRANCES M. RODGERS, Respondent, and ELEANOR HAGELIN et al., Appellants.— Interlocutory judgment, entered March 5, 1964, awarding plaintiffs beneficial interests in capital stock and other relief, unanimously modified, on the law and in the exercise of discretion, by amending the penultimate paragraph to provide for the prompt assessment of exemplary damages, if any, after reasonable notice, and the interlocutory judgment is otherwise affirmed, with costs to plaintiffs-respondents against defendants-appellants. The arrangement between plaintiffs-respondents and defendant-respondent Rodgers and through her with defendant-appellant Hagelin created an agency relationship with Rodgers and with Hagelin by reason of the joint relationship between Rodgers and Hagelin. This sufficed to make the written agreements with defendant-appellant Pisa enforcible by plaintiffs-respondents as principals, although they are not named in such agreements (see Restatement, Agency, 2d, §§ 147–149, 302; 2 N. Y. Jur., Agency, §§ 272, 318). The agreements provided that the incidents of ownership of the capital stock held by the escrowee were in the buyers, and that the stock was to be delivered to the escrowee by July 2, 1962. Hence, plaintiffs-respondents became the beneficial owners of part of the capital stock sold under the agreements (see, e.g., *Broderick* v. *Adamson,* 270 N. Y. 260, 263–264; *Broderick* v. *Alexander,* 268 N. Y. 306, 309–310). The Statute of Frauds, therefore, is no bar, since the acts to be performed beyond a year concern only enforcement of plaintiffs-respondents' existing ownership rights under the written agreements. It was inappropriate to suspend the imposition of exemplary damages pending review of compliance of defendant-appellant Pisa with the interlocutory judgment. Ample remedies exist for the enforcement of court orders. There should be a prompt assessment of any exemplary damages. Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Steuer and Staley, JJ

■ In the Matter of SELEDONIO SOTO, Petitioner, v. SUPREME COURT, BRONX COUNTY, et al., Respondents.— Application for a writ of prohibition against the District Attorney of Bronx County denied and petition dismissed, without costs (CPLR 7801, subd. 1; *People ex rel. Kern* v. *Silberglitt,* 4 N Y 2d 59). No service of the petition having been made on the Supreme Court, Bronx County, the petition as against it is dismissed. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.