■ TRI-STATE SOL-AIRE CORP., Respondent, v UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.—In an action to recover upon a labor and materialmen's bond, the defendant appeals (1) from an order of the Supreme Court, Nassau

County (Brucia, J.), dated February 21, 1989, which, upon a jury verdict, dismissed the defendant's affirmative defense of a contractual Statute of Limitations and referred the substantive issues to an official Referee pursuant to CPLR 4317 (b) to hear and determine, and (2) from an order of the same court, entered May 17, 1989, which denied reargument.

Ordered that the order dated February 21, 1989, is affirmed; and it is further,

Ordered that the appeal from the order entered May 17, 1989, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff, a heating, ventilation and air conditioner subcontractor, commenced the instant action to recover damages from the defendant United States Fidelity & Guaranty Company, the surety which had issued a labor and materialmen's payment bond to the general contractor in connection with the construction of the Marriot Hotel in Uniondale, New York. At the trial, the sole issue before the jury was whether the general contractor had ceased work on the contract as of December 16, 1982. If it had, a contractual Statute of Limitations would act as a bar to the action. The jury found that the general contractor had not ceased work as of December 16, 1982.

The defendant surety contends that it was denied a fair trial by the trial court's evidentiary rulings with regard to documents indicating the dates and amounts of payments made by its principal, the general contractor, after December 16, 1982. Those documents included (1) an answer filed by the defendant in another action which stated that the general contractor had ceased work in January 1983, (2) mechanic's liens indicating that work was still being done in April 1983, (3) minutes of work progress meetings attended by the general contractor in April 1983, and (4) temporary certificates of occupancy for the period from November 29, 1982, to December 20, 1983. Determinations as to the relevancy of evidence are generally left to the sound discretion of the trial court *(see, Radosh v Shipstad,* 20 NY2d 504). On this record, it cannot be said that the trial court exercised its discretion improvidently *(see, Lipp v Saks,* 129 AD2d 681, 683).

Furthermore, while a series of comments by the plaintiff's counsel, taken cumulatively, were objectionable and not to be condoned, given the strong evidence in support of the plaintiff's position, reversal based on the plaintiff's counsel's com-

ments is not warranted *(see, Riffel v Brumburg,* 91 AD2d 842). In any event, where, as here, it appears that the improper remarks did not influence the jury's verdict, the error, if any, was harmless *(see, Abbott v New Rochelle Hosp. Med. Center,* 141 AD2d 589, 591; *Kavanaugh v Nussbaum,* 129 AD2d 559, 561, *mod on other grounds* 71 NY2d 535).

We also disagree with the defendant's contention that the trial court improperly referred the substantive issues in this case as a "long account" to a Referee to hear and determine under CPLR 4317 (b). The record supports the trial court's conclusion that "the issues [involved herein are] so numerous and tedious that it would be impossible for a jury to resolve them within the reasonable time limits of a trial" *(see, Schanback v Schanback,* 130 AD2d 332, 340). Thus, this case is one of those cases where a compulsory reference under CPLR 4317 (b) was warranted. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.