■ In the Matter of MARY E. GLASS, as Commissioner of Social Services, on Behalf of ETHEL L., Appellant, v DAVID L., Respondent. [646 NYS2d 706] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner Commissioner of the Department of Social Services of Westchester County appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered July 7, 1994, which, after a fact finding hearing, dismissed the petition. The appeal brings up for review so much of an order of the same court, entered October 25, 1994, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered July 7, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order entered October 25, 1994, made upon reargument; and it is further,

Ordered that the order dated October 25, 1994, is affirmed insofar as reviewed, without costs or disbursements.

The burden of proof in a paternity proceeding rests upon the petitioner, who must "establish paternity by clear and convincing evidence which is entirely satisfactory and creates a genuine belief that respondent is the father of the child" (*Matter of Commissioner of Social Servs. [Patricia A.] v Phillip De G.*, 59 NY2d 137, 141; *see also, Matter of Lopez v Sanchez*, 34 NY2d 662).

The petitioner's contention that the Family Court improperly excluded the results of blood testing and hospital records dating back to 1986, is without merit. In this case, the petitioner was not entitled to have the blood tests or hospital records admitted since she failed to lay a proper foundation that the testing was done by a duly-approved laboratory or that the hospital records were relevant (*see, Matter of Barbara A. M. v Gerard J. M.*, 178 AD2d 412; *see also, Radosh v Shipstad*, 20 NY2d 504; *Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.*, 161 AD2d 757; *People v Meyers*, 72 Misc 2d 1003). Accordingly, we find that the Family Court did not improvidently

exercise its discretion in excluding the blood testing and hospital records.

The record supports the Family Court's finding that the petitioner did not meet her burden of establishing paternity by clear and convincing evidence, and there is no basis for substituting our judgment for that of the Trial Judge who saw and heard the witnesses (*see, Matter of Sherry G. v George F.,* 183 AD2d 825).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.