■ JEAN LAUTER et al., Respondents, v VILLAGE OF GREAT NECK et al., Defendants, COUNTY OF NASSAU, Respondent, and MINA ALAGHBAND-ZADEH et al., Appellants. [647 NYS2d 524] —In an action to recover damages for personal injuries, etc., the defendants Mina Alaghband-Zadeh and J. Alaghband-Zadeh appeal (1) from a judgment of the Supreme Court, Nassau County (Segal, J.), dated June 2, 1995, which, upon a jury verdict in favor of the plaintiffs on the issue of liability, finding the appellants 90% at fault in the happening of the accident and the codefendant County of Nassau 10% at fault in the happening of the accident and upon granting the motion of the County of Nassau pursuant to CPLR 4404 (a) to set aside the verdict as against it as a matter of law, is in favor of the County of Nassau and against them dismissing the complaint insofar as asserted against the County of Nassau, and (2) as limited by their brief, from so much of a judgment of the same court, entered August 16, 1995, as is in favor of the plaintiff Jean Lauter and against them in the principal sum of $1,200,000 for past pain and suffering and $700,000 for future pain and suffering.

Ordered that the judgment dated June 2, 1995, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment entered August 16, 1995, is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages as to Jean Lauter only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff Jean Lauter shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for (1) past pain and suffering from the sum of $1,200,000 to the sum of $700,000, and (2) future pain and suffering from the sum of $700,000 to the sum of $500,000, and to the entry of an amended judgment. In the event that the plaintiff Jean Lauter so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment accordingly.

On June 16, 1990, the plaintiff Jean Lauter suffered a shattered jaw, severe facial lacerations and nerve damage, resulting in partial paralysis of the face and permanent disfigurement, and serious arm and chest wounds. She was hospitalized for one week during which she underwent two surgical procedures. She was briefly hospitalized approximately two years later for additional surgery and two additional surgical procedures were performed at her doctor's office. Her jaw was wired shut for approximately three weeks.

The injuries occurred when a car driven by the appellant Mina Alaghband-Zadeh struck a lamppost atop a divider on Middle Neck Road in Great Neck, causing the lamppost to go through the windshield of the plaintiffs' car as she approached from the opposite direction, striking her in the face. After a trial, the jury found that the appellants were 90% at fault in the happening of the accident, and the defendant County of Nassau (hereinafter the County) was 10% at fault. The Supreme Court granted the motion of the County to set aside the verdict as to it, finding that as a matter of law the evidence was insufficient for the jury to find that the County was negligent. Following a trial on damages the jury found, *inter alia,* that the plaintiff Jean Lauter suffered damages in the amount of $1,200,000 for past pain and suffering and $700,000 for future pain and suffering.

The appellants' contention that the court erred in failing to instruct the jury on the emergency doctrine is without merit. Viewed in the light most favorable to the appellants *(see, Rivera v New York City Tr. Auth.,* 77 NY2d 322; *Ferrer v Har-*

*ris,* 55 NY2d 285, 292-293), it was not conceivable that the jury could have concluded that the appellant driver was faced with an emergency not of her own making. Although the appellant driver testified that she felt her steering wheel shaking and that her car was pulling to the left she testified that she did not lose control of the car until she applied the brakes. She presented no evidence that the steering on the car had malfunctioned, and testified that she believed her brakes were functioning properly shortly before the accident. There was also evidence that the accident was caused when she reached for a falling bag inside her car and lost control of the car. Thus, the court correctly determined that an emergency doctrine charge was not warranted under the circumstances.

Although we do not condone certain derogatory remarks made by the plaintiffs' counsel directed at the appellants' attorney on summation, in view of the curative instructions issued by the court on one occasion and the strong evidence of the appellant driver's negligence, the remarks were harmless *(see, Kavanaugh v Nussbaum,* 129 AD2d 559, 561, *mod* 71 NY2d 535; *Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.,* 161 AD2d 757, 758-759; *Torrado v Lutheran Med. Ctr.,* 198 AD2d 346, 347).

Because the appellants failed to present any evidence that the divider on the road was negligently designed or maintained by the County, or that such design was a proximate cause of the accident, we agree that there was no valid line of reasoning or inferences on which the jury could have concluded that the County was negligent *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Nicastro v Park,* 113 AD2d 129, 132). Accordingly, the Supreme Court acted properly in granting the County's motion to set aside the jury's verdict finding it 10% at fault, and in dismissing the complaint insofar as asserted against the County.

The damages awarded to the plaintiff Jean Lauter for past and future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case *(see,* CPLR 5501 [c]). Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.