■ GEORGE J. BLANAR et al., Respondents, v PETER C. T. DICKINSON, Appellant, et al., Defendants. [745 NYS2d 65] —In an ac-

tion to recover damages for medical malpractice, etc., the defendant Peter C. Taylor Dickinson appeals from two judgments of the Supreme Court, Rockland County (Bergerman, J.), both dated December 20, 2000, which, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and as a matter of law, are in favor of the plaintiff George J. Blanar and against him in the total sum of $975,490.40, and in favor of the plaintiff Maxine H. Fraade and against him in the total sum of $117,878.96, respectively.

Ordered that the judgments are affirmed, with costs.

The jury determined that the appellant departed from good and accepted medical practice by not including endocarditis in his differential diagnosis during the period of time that the plaintiff George C. Blanar (hereinafter the plaintiff) first visited him until the time that he was diagnosed with endocarditis by another physician, and that the departure was a substantial factor in causing injury to the plaintiff. Contrary to the appellant's contentions, the Supreme Court properly denied his motion to set aside the jury verdict, as a matter of law, since there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493, 499). Moreover, the verdict was supported by a fair interpretation of the evidence (see Bobek v Crystal, 291 AD2d 521; Brezinski v Island Med. Care, 291 AD2d 366; Nicastro v Park, 113 AD2d 129, 132).

Any error in allowing a comment made by the plaintiffs' counsel in the presence of the jury regarding the appellant's competence as a doctor and certain other derogatory remarks regarding doctors made by counsel during summation was corrected by the court's curative instructions (see Bacigalupo v Healthshield, 231 AD2d 538; Lauter v Village of Great Neck, 231 AD2d 553; Zipkin v City of New York, 196 AD2d 865; Kiker v Nassau County, 175 AD2d 99). Furthermore, in light of the strong evidence of the appellant's negligence, these and other improper remarks made by counsel in summation were harmless (see Lauter v Village of Great Neck, supra; Kavanaugh v Nussbaum, 129 AD2d 559, 561, mod 71 NY2d 535).

The damages awarded to the plaintiff did not deviate materially from what would be reasonable compensation under the circumstances of this case (see CPLR 5501 [c]).

The appellant's remaining contentions are without merit. Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.