[822 NE2d 763, 789 NYS2d 456]

JOHN J. SHEEHY, Respondent, v CLIFFORD CHANCE ROGERS & WELLS LLP, as Successor-in-Interest by Merger to ROGERS & WELLS, Appellant.

Argued September 7, 2004; decided October 26, 2004

**POINTS OF COUNSEL**

*Holland & Knight LLP*, New York City (*H. Barry Vasios* and *Anthony J. Harwood* of counsel), for appellant. I. The Appellate Division erred in concluding that the partnership documents permitted an oral agreement to pay supplemental retirement payments to a partner "treated as if" he were taking early retirement. (*Brooke Group v JCH Syndicate 488,* 87 NY2d 530; *Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157; *Vermont Teddy Bear Co. v 538 Madison Realty Co.,* 1 NY3d 470; *Reiss v Financial Performance Corp.,* 97 NY2d 195; *Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372; *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229; *Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Backer v Lewit,* 180 AD2d 134; *Chadirjian v Kanian,* 123 AD2d 596.) II. Plaintiff-respondent's breach of contract claim is barred by the statute of frauds. (*D & N Boening v Kirsch Beverages,* 63 NY2d 449; *Martocci v Greater N.Y. Brewery,* 301 NY 57; *Cron v Hargro Fabrics,* 91 NY2d 362; *Acacia Natl. Life Ins. Co. v Kay Jewelers,* 203 AD2d 40; *Romar v Alli,* 120 AD2d 420; *Meyers v Waverly Fabrics,* 65 NY2d 75; *Zupan v Blumberg,* 2 NY2d 547; *Cohen v Bartgis Bros. Co.,* 264 App Div 260, 289 NY 846; *Blake v Voight,* 134 NY 69; *Kane v Rodgers,* 21 AD2d 773, 15 NY2d 544.) III. The Appellate Division's decision may be reversed on the additional ground that John J. Sheehy's alleged oral agreement is

barred by General Obligations Law § 15-301. (*Backer v Lewit,* 180 AD2d 134; *Ganisin v Noeth,* 163 AD2d 828; *Chadirjian v Kanian,* 123 AD2d 596; *Bakhshandeh v American Cyanamid Co.,* 8 AD2d 35, 8 NY2d 981; *DFI Communications v Greenberg,* 41 NY2d 602.) IV. The purported oral agreement is an unenforceable agreement to agree. (*Joseph Martin, Jr., Delicatessen v Schumacher,* 52 NY2d 105; *Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475; *Willmott v Giarraputo,* 5 NY2d 250.)

*Coblence & Warner,* New York City (*Kenneth E. Warner* and *Lewis S. Fischbein* of counsel), for respondent. I. The Appellate Division properly ruled that the oral agreement alleged in the complaint is not barred by the statute of frauds. (*Hubbell Elec. v State of New York,* 153 Misc 2d 810; *Cron v Hargro Fabrics,* 91 NY2d 362; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Lichtman v Estrin,* 282 AD2d 326; *Cabrini Med. Ctr. v KM Ins. Brokers,* 142 AD2d 529; *Pando v Fernandez,* 127 Misc 2d 224, 118 AD2d 474; *Kane v Rodgers,* 21 AD2d 773, 15 NY2d 544; *Kastner v Gover,* 19 AD2d 480, 14 NY2d 821; *RTC Props. v Bio Resources,* 295 AD2d 285, 99 NY2d 531; *Unicorn Enters. v Stonewall Contr. Corp.,* 232 AD2d 404.) II. The Appellate Division properly ruled that article X (b) of the Partnership Agreement, including its reference to a "written agreement," has no relevance to John J. Sheehy's claim for supplemental retirement payments under the Retirement Plan. (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396; *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42; *Reiss v Financial Performance Corp.,* 97 NY2d 195.) III. The Appellate Division properly ruled that neither section 6.1 nor section 2.5 (b) of the Retirement Plan undermines John J. Sheehy's right to supplemental retirement payments under section 5 of the Plan. IV. The Appellate Division properly ruled that John J. Sheehy's right to receive supplemental retirement payments is not prohibited by General Obligations Law § 15-301 (1). (*Backer v Lewit,* 180 AD2d 134; *Chadirjian v Kanian,* 123 AD2d 596.) V. The Appellate Division properly ruled that the oral agreement at issue here is not an unenforceable agreement to agree. VI. All material factual disputes must be referred to trial. (*International Customs Assoc. v Bristol-Myers Squibb Co.,* 233 AD2d 161.)

**OPINION OF THE COURT**

G.B. SMITH, J.

In this breach of contract action, plaintiff John Sheehy, a for-

mer partner of defendant law firm's predecessor Rogers & Wells, alleges that he was wrongfully denied certain retirement benefits orally promised to him in exchange for his agreement to take early retirement. The issue presented on this appeal is whether plaintiff's claim for the recovery of the benefits based on this alleged oral agreement is barred by the statute of frauds. We conclude that the statute of frauds does bar plaintiff's claim and therefore reinstate the order of Supreme Court dismissing the complaint.[1]

At all times relevant to this case, the firm's retirement plan, incorporated by reference into the partnership agreement, provided for early retirement for partners between the ages of 60 and 64. Partners who reached the age of 65 were eligible for normal retirement, while mandatory retirement began at age 70. The retirement benefits available to partners taking normal or mandatory retirement included four years of payments equal to 37.5% of the distribution of partnership profits which the partner would have received had he or she not retired (the four-year payout), participation in the firm's medical and life insurance plans, use of office space and secretarial assistance, and supplemental retirement payments (SRPs), which are paid for life beginning in the fifth year after the partner's retirement.

By contrast, partners taking early retirement would receive the amount in the partner's net capital account, actual cash distributions made to the partner on or before the date of retirement and the partner's share of the partnership profits accrued during the year of retirement. Partners taking early retirement were not entitled to subsequent profit distributions or SRPs. According to the partnership agreement, early retiring partners could receive additional payments only if the Executive Committee, in the exercise of its discretion, entered into a written agreement authorizing such payments. Moreover, the retirement plan stated that SRPs "shall not be paid to a Partner who takes Early Retirement, except at the specific written request of the Executive Committee."

In December 1994, the firm's Executive Committee requested plaintiff's resignation. According to plaintiff, he then met with James Asher, the supervising partner and member of the Executive Committee, who asked plaintiff to withdraw from the firm

---

**1.** We have also been asked to decide whether the complaint should be dismissed based on the plain language of the firm's retirement plan and partnership agreement. However, we need not reach this issue because we conclude that the statute of frauds bars plaintiff's claims.

effective January 1, 1996. Asher allegedly told plaintiff that in return for his resignation, he would be treated as having taken early retirement at the firm's request. Asher also allegedly promised that plaintiff would receive the four-year payout, SRPs and other retirement benefits under the partnership agreement. Plaintiff, then age 57, retired from the firm as of January 1, 1996, with the status of senior counsel. Senior counsel status, according to the retirement plan, is reserved for partners who retire "in accordance with the provisions of [the retirement p]lan."

From 1996 until 1999, plaintiff indisputably received the four-year payout, consisting of annual profit distribution payments of approximately $200,000. Plaintiff maintained that he also participated in the firm's health and life insurance benefits, and utilized firm office space and secretarial assistance. According to the complaint, the firm hired an outside actuary and later directed the firm's controller to calculate the amount of SRPs that plaintiff would receive. The controller prepared a memorandum stating that plaintiff was entitled to receive SRPs in the amount of $81,245 each year beginning January 1, 2000. However, the firm subsequently refused to pay SRPs to plaintiff.

Plaintiff brought this lawsuit against the firm alleging breach of contract, unjust enrichment and breach of fiduciary duty arising from the failure to pay him SRPs. The firm raised various affirmative defenses, including the statute of frauds and the lack of a written agreement for the payment of SRPs in accordance with the provisions of the partnership agreement and the retirement plan. Plaintiff subsequently moved for an order, pursuant to CPLR 3212 (b), granting partial summary judgment, or alternatively, pursuant to CPLR 3211 (b), dismissing the firm's affirmative defenses. Defendant cross-moved for summary judgment dismissing the complaint in its entirety for failure to comply with the statute of frauds or, in the alternative, for partial summary judgment dismissing so much of the complaint seeking damages for the present value of future installment payments not yet due. Supreme Court denied plaintiff's motion and granted defendant's summary judgment motion dismissing the complaint in its entirety. In so doing, the court concluded that the statute of frauds barred plaintiff's claims because the firm's alleged obligation to make annual payments to him beginning five years after plaintiff's retirement could not be performed within one year. Therefore, the court concluded, the contract was required to be in writing in

order to be enforceable. The court further concluded that even if the statute of frauds did not bar the lawsuit, under the terms of the partnership agreement and the retirement plan, plaintiff was not entitled to SRPs because the firm made no specific written request for his early retirement.

The Appellate Division modified the order of Supreme Court, on the law, denied defendant's cross motion as to plaintiff's cause of action alleging breach of contract (except insofar as that cause sought damages for the present value of future installment payments not yet due), reinstated that cause of action to that extent and granted plaintiff's motion dismissing certain affirmative defenses, and otherwise affirmed the order. Citing this Court's decision in *Kane v Rodgers* (21 AD2d 773 [1964], *affd* 15 NY2d 544 [1964]), the Appellate Division held that the statute of frauds did not bar plaintiff's claim because the oral agreement between the parties had been completely performed within a year of its making and the payment of SRPs to plaintiff concerned only the enforcement of existing rights under the firm's retirement plan. According to the Court, the oral agreement between the parties was for plaintiff to resign in exchange for the firm deeming him to have taken early retirement at the specific written request of the Executive Committee, thereby entitling plaintiff to receive SRPs under the retirement plan. The Court stated that this change of plaintiff's status—from partner to early retired partner—was capable of, and indeed was, performed within one year of making the agreement. The Court concluded that because plaintiff's right to collect SRPs was fixed upon his change of status, and the computation of the payment amount was a "ministerial act" (1 AD3d 225, 229 [2003]), the mere fact that the payments would extend into the future did not bring the agreement within the scope of the statute of frauds. The Appellate Division also concluded that nothing in the partnership agreement or the retirement plan prohibited an oral agreement between the firm and the partner taking early retirement allowing for the payment of SRPs. One Justice dissented, and would have affirmed the trial court.

The Appellate Division granted defendant leave to appeal, and we now reverse the order of the Appellate Division, insofar as appealed from, and reinstate the order of Supreme Court dismissing the complaint.

The statute of frauds, as incorporated in section 5-701 (a) (1) of the General Obligations Law, provides that an agreement is

void if it is not in writing and "subscribed by the party to be charged therewith" when the agreement "[b]y its terms is not to be performed within one year from the making thereof." The statute of frauds was intended to prevent "fraud in the proving of certain legal transactions particularly susceptible to deception, mistake and perjury" (*D & N Boening, Inc. v Kirsch Beverages, Inc.*, 63 NY2d 449, 453 [1984]). Because memories fail over time, the statute requires a written contract for an agreement that is not to be performed within one year of its making. In order to remove an agreement from the application of the statute of frauds, both parties must be able to complete their performance of the contract within one year (*see Cron v Hargro Fabrics*, 91 NY2d 362, 367-368 [1998]; *Meyers v Waverly Fabrics*, 65 NY2d 75, 79 [1985]). Here, it is the firm's alleged obligation to make payments beginning in the fifth year after plaintiff's retirement and ending with his death that brings the agreement within the parameters of the statute of frauds.

In this case, plaintiff concedes that no written agreement exists between the parties entitling him to SRPs. Nor does he dispute that such payments were not to begin until five years after his retirement. However, relying on *Kane v Rodgers* (21 AD2d 773 [1964], *affd* 15 NY2d 544 [1964]), plaintiff argues that the oral agreement is not barred by the statute of frauds because the payment of SRPs concerns only the enforcement of plaintiff's existing rights under the retirement plan.

In *Kane*, plaintiffs claimed they had an oral agency agreement with the defendants who, as agents of plaintiffs, had entered into written agreements with another defendant, Pisa, for the transfer of stock. Plaintiffs, as principals, thus claimed rights under the written agreements although they were not named in the agreements. Pisa alleged that the statute of frauds barred the claim, because his obligation to perform continued for more than one year. The Court held, and this Court affirmed, that the fact that the transfer of the stock was to take place over a period in excess of one year did not bring the oral agreement establishing the agency relationship within the statute of frauds (21 AD2d 773 [1964]). The oral agreement was fully capable of being performed within one year. The transfer of the stock, however, concerned only the enforcement of the plaintiffs' rights under the written agreement.

Here, plaintiff argues that this case is analogous to the situation presented in *Kane*. According to him, "[t]he oral agreement gives [plaintiff] the status of Early Retirement at the Firm's

request under the Firm's written Retirement Plan. That status entitles [plaintiff] to certain benefits under the Plan, including the right to SRPs. As in *Kane*, it does not matter for purposes of the statute of frauds that those benefits are to be performed for more than one year, because that performance is governed entirely by a written agreement—which makes the statute of frauds irrelevant and inapplicable."

We disagree. In *Kane*, the acts to be performed beyond a year concerned enforcement of plaintiffs' rights under the written agreement, not the oral agency agreement. Here, plaintiff has no right to SRPs under the written partnership documents, and his claim of entitlement to SRPs does not flow from the oral agreement giving him the status of early retired partner. As previously noted, the benefits to which an early retired partner is entitled under the retirement plan are significantly less than those available to a partner taking normal or mandatory retirement. Generally, a partner taking early retirement is not entitled to SRPs. Under the partnership agreement, an early retired partner may receive additional payments, including SRPs, if the Executive Committee chooses to enter into a written agreement authorizing such payments. Here, there was no such written agreement. *Kane*, thus, is inapplicable.

Under the retirement plan, a partner taking early retirement is not entitled to receive SRPs unless the early retirement was made at the specific *written* request of the Executive Committee. While the Executive Committee here asked plaintiff to withdraw from the firm, that request was never made in writing. Therefore, plaintiff's change of status from partner to early retired partner (at the oral request of the firm) did not entitle him to SRPs under either the retirement plan or the partnership agreement. Accordingly, plaintiff's claim of entitlement to SRPs is based not on the Executive Committee's oral request for him to take early retirement, but on a separate oral promise to provide monetary benefits in addition to those normally provided to early retired partners. In order for plaintiff to enforce this alleged promise of SRPs, the performance of which could not possibly have been completed within one year of the agreement, it was necessary that the agreement be reduced to writing and subscribed by the firm's representative. In the

absence of such a writing, the statute of frauds bars plaintiff's claim.[2]

Finally, the Appellate Division determined that the parties had orally agreed that in exchange for plaintiff's departure from the firm, he would be "deemed to have taken early retirement at the specific written request of the executive committee." (1 AD3d at 228-229.) However, the complaint states only that plaintiff was told that if he were to withdraw from the firm, he would be treated as taking early retirement at the firm's request. Nothing in the complaint alleges that the firm's request for plaintiff's retirement was to be deemed to have been made in writing. Moreover, we conclude that the Appellate Division's theory that the parties could orally "deem" the existence of a written request is unpersuasive. Here, there was no written request for plaintiff's retirement, and without such a writing, plaintiff's status was merely one of an early retired partner. Thus, plaintiff's change of status did not entitle him to receive SRPs under the retirement plan. Such an entitlement must have been the result of an additional promise, and in order to satisfy the statute of frauds, the terms of that agreement must have been in writing.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the order of Supreme Court reinstated and the certified question answered in the negative.

Chief Judge KAYE and Judges ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur; Judge CIPARICK taking no part.

Order, insofar as appealed from, reversed, etc.

---

**2.** Plaintiff asserts that various documents prepared by the firm sufficiently satisfied the writing requirement of the statute of frauds, including his change of status form designating him a senior counsel, a letter from the firm's business administrator incorporating the "Rogers & Wells Benefit Plans Guide for Partners," a handwritten note prepared by the firm's outside actuary and a memorandum from the firm's controller. None of these documents, however, satisfy the statute of frauds. Neither the change of status form nor the letter from the business administrator, incorporating the firm's benefit guide, makes any reference to plaintiff's entitlement to SRPs. In addition, the note from the actuary cannot satisfy the statute of frauds because the firm did not prepare it. Finally, the memorandum prepared by the firm's controller merely reports the calculations of the outside actuary. It does not state that the firm agreed to pay SRPs to plaintiff. More importantly, the memorandum was not signed by anyone with authority to do so on behalf of the firm.