■ THOMASINA CATHEY, Respondent, v MICHELE LIPPA GARTNER et al., Respondents, and FLETCHER J. GATELEY et al., Appellants. [790 NYS2d 200]—In an action to recover damages for personal injuries, the defendants Fletcher J. Gateley and Alfredo F. Dolgetta appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Skelos, J.), dated July 25, 2003, as, upon the granting of that branch of the plaintiff's motion pursuant to CPLR 4401 which was for judgment as a matter of law on the issue of liability against the appellants, and upon a jury verdict on the apportionment of li-

ability between the defendants and on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $225,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of the appellants' liability, with costs to abide the event; in the event that the appellants are found liable after a new trial, the findings of fact as to the apportionment of liability between the defendants and on the issue of damages are affirmed.

In granting a motion for judgment as a matter of law, the trial court must determine that by no rational process could the trier of fact find in favor of the nonmoving party on the evidence presented (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Blum v Fresh Grown Preserve Corp.,* 292 NY 241 [1944]). In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Szczerbiak v Pilat, supra; Cameron v City of Long Beach,* 297 AD2d 773 [2002]; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366 [1985]).

In this case, the evidence adduced presented an issue of fact as to whether the defendant driver, Alfredo F. Dolgetta, was faced with an emergency situation, and whether he acted in a reasonable and prudent manner under the circumstances (*see Rivera v New York City Tr. Auth.,* 77 NY2d 322 [1991]; *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923 [1996]; *Hart v Scribner,* 44 AD2d 59 [1974]). Accordingly, these issues, as well as the issue of whether the plaintiff was comparatively negligent (*see Rossman v La Grega,* 28 NY2d 300 [1971]), should have been submitted to the jury (*see Jacino v Sugerman,* 10 AD3d 593 [2004]; Siegel, NY Prac § 405, at 655 [3d ed]).

The appellants' remaining contentions either are unpreserved for appellate review or academic in light of our determination that a new trial is warranted. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.