■ MAPLEWOOD, INC., Appellant, v ANDREW J. WOOD et al., Respondents. [801 NYS2d 60]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered June 21, 2004, which, upon a jury verdict, is in favor of the defendants and against it, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Whether a witness should be qualified as an expert is a determination left to the discretion of the trial court, the exercise of which will not be disturbed in the absence of a serious mistake, error of law, or an improvident exercise of discretion (*see Steinbuch v Stern,* 2 AD3d 709, 710 [2003]). Here, the Supreme Court providently exercised its discretion in qualifying the defendants' witness as an expert on the basis of his expertise in land use, real estate, and zoning. The witness's lack of experience with such matters in the Town of Hempstead goes to the weight of his testimony not to its admissibility (*see Ochoa v Jacobsen Div. of Textron, Inc.,* 16 AD3d 393 [2005]; *Ariola v Long,* 197 AD2d 605 [1993]).

The failure to deny an allegation in the complaint constitutes an admission to the truth of that allegation (*see* CPLR 3018 [a]; *Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester,* 67 NY2d 702, 705 [1986]; *Santiago v County of Suffolk,* 280 AD2d 594, 595 [2001]; *Mooney v PCM Dev. Co.,* 238 AD2d 487, 488 [1997]). Thus, the defendants admitted that the plaintiff had complied with the notice provision of the contract by failing to deny the allegation in the complaint that the plaintiff had complied with all of the requirements of the contract and the Supreme Court erred in permitting the defendants' attorney to argue in summation that the plaintiff had not complied with that provision (*see Taggart v Alexander's*

*Inc.*, 90 AD2d 542, 544-545 [1982]). Nevertheless, in light of the charge, it cannot be said that the Supreme Court's actions in this regard deprived the plaintiff of a fair trial, a requirement before reversal on this basis would be warranted (*see Blanar v Dickinson*, 296 AD2d 431, 432 [2002]; *Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.*, 161 AD2d 757 [1990]).

The Supreme Court correctly denied the plaintiff's motion for a directed verdict as, after granting the defendant every favorable inference, the evidence presented a rational basis upon which the jury could have found in favor of the defendants (*see* CPLR 4401; *Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; *Prestia v Mathur*, 293 AD2d 729, 730 [2002]). The Supreme Court properly declined to set aside the jury's subsequent verdict in favor of the defendants (*see* CPLR 4404 [a]), since there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Moreover, the verdict was supported by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.