PREFERRED MUTUAL INSURANCE COMPANY, as Subrogee of ROSE VOLASKI and Another, Appellant, v C. RUMBALSKI CHIMNEY SWEEP, Respondent. [849 NYS2d 584]—

In an action to recover damages for injury to property, the plaintiff appeals from a judgment of the Supreme Court, Orange County (McGuirk, J.), entered August 31, 2006, which, upon a jury verdict, and upon the denial of its separate motions pursuant to CPLR 4401 for judgment as a matter of law and pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Rose Volaski and Elliot Volaski, subrogors of the plaintiff, purchased a woodburning stove fireplace insert from the defendant. The manufacturer's instructions for the fireplace insert provided that any combustible floor in front of the fireplace hearth must be protected with 16 inches of noncombustible floor protector. The defendant installed the fireplace insert as part of the purchase price. At the time, the floor protection was inadequate. Carl Rumbalski, who did the installation, testified that he orally warned the Volaskis that they needed to obtain more floor protection and gave them a copy of the manufacturer's instructions. However, they did not install additional floor protection. Four years later, there was a fire in the Volaskis' home that the plaintiff alleged was caused by an ember that escaped from the fireplace insert.

This case proceeded on "a breach of contract theory" under the principle that "[a] person charged with performing work under a contract must exercise reasonable skill and care when

performing work, and negligent performance may give rise to actions for tort and for breach of contract" (*International Fid. Ins. Co. v Gaco W.*, 229 AD2d 471, 474 [1996]). This case falls within the perplexing "borderland between tort and contract," a situation which "most often arise[s] where the parties' relationship initially is formed by contract, but there is a claim that the contract was performed negligently" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551-552 [1992]).

Contrary to the plaintiff's contention, the Supreme Court properly denied its motion pursuant to CPLR 4401 for judgment as a matter of law. The evidence established that the Volaskis purchased only the wood stove insert from the defendant and that the purchase price included installation. There was no evidence that the contract included noncombustible material to be used as floor protection or that the defendant had agreed to extend the Volaskis' hearth to fireproof the area. In addition, there was no evidence that the insert itself was not properly installed. The defendant testified that he informed Elliot Volaski of the need to obtain floor protection. Accordingly, the evidence presented a rational basis upon which the jury could have found in favor of the defendant (*see Maplewood, Inc. v Wood*, 21 AD3d 933, 934 [2005]).

Additionally, it cannot be said that "the jury could not have reached its verdict on any fair interpretation of the evidence" (*Kinney v Taylor*, 305 AD2d 466, 467 [2003]). Consequently, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.