(July 8, 2008)

■ MOHAMED ALAMELDIN, Respondent, v KINGS CASTLE CATERERS, INC., Doing Business as SHO BAR, et al., Appellants. [861 NYS2d 759]—

In an action, inter alia, to recover damages for breach of an oral contract, the defendants appeal from a judgment of the Supreme Court, Kings County (Martin, J.), dated March 6, 2007, which, upon a jury verdict and upon the denial of their motions pursuant to CPLR 4401 for judgment as a matter of law and pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff and against them in the principal sum of $84,000.

Ordered that the judgment is affirmed, with costs.

In granting a motion pursuant to CPLR 4401 for judgment as a matter of law, the trial court must determine that by no rational process could the trier of fact find in favor of the nonmoving party on the evidence presented (*see Maplewood, Inc. v Wood,* 21 AD3d 933 [2005]; *Halbreich v Braunstein,* 13 AD3d 1137 [2004]). "In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving

party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (*Cathey v Gartner*, 15 AD3d 435, 436 [2005]; *see Cameron v City of Long Beach*, 297 AD2d 773 [2002]). At trial, the plaintiff testified that he loaned the defendants $50,000, which was to be repaid with interest measured by a percentage of the profits of the defendants' restaurant, but that repayment was not made. Contrary to the defendants' contentions, neither the statute of frauds nor the parol evidence rule barred this testimony (*see* General Obligations Law § 5-701 [a] [1]; *Sheehy v Clifford Chance Rogers & Wells LLP*, 3 NY3d 554, 560 [2004]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). According the plaintiff every favorable inference, there was a rational basis upon which the jury could have concluded that the defendants breached an oral agreement to repay a loan. Accordingly, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law was properly denied (*see Maplewood, Inc. v Wood*, 21 AD3d 933 [2005]).

Moreover, the verdict in favor of the plaintiff was based on a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Accordingly, the defendants' motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial was properly denied. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.