CHRISTOPHER NESTRO, Appellant, v EVAN D. HARRISON et al., Respondents. (Action No. 1.) CHRISTOPHER SANABRIA, Appellant, v EVAN D. HARRISON et al., Respondents. (Action No. 2.) [913 NYS2d 242]—

In two related actions to recover damages for personal injuries, the plaintiff in action No. 1 appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Galasso, J.), entered August 12, 2009, as, upon the granting of that branch of the motion of the defendants Evan D. Harrison and Diana C. Harrison and that branch of the separate motion of the defendant William Reynolds pursuant to CPLR 4401, made at the close of evidence, which were for judgment as a matter of law on the issue of liability in action No. 1, is in favor of the defendants and against him, dismissing the complaint in action No. 1, and the plaintiff in action No. 2 appeals, as limited by his brief, from so much of the same judgment as, upon the granting of that branch of the motion of the defendants Evan D. Harrison and Diana C. Harrison and that branch of the separate motion of the defendant William Reynolds pursuant to CPLR 4401, made at the close of evidence, which were for judgment as a matter of law on the issue of liability in action No. 2, is in favor of the defendants and against him, dismissing the complaint in action No. 2.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate brief, the motions pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability in actions Nos. 1 and 2 are denied, the complaints in actions Nos. 1 and 2 are reinstated, and a new trial is granted.

Christopher Nestro and Christopher Sanabria were both passengers in a vehicle operated by the defendant Evan D. Harrison and owned by the defendant Diana C. Harrison (hereinafter together the Harrisons), when that vehicle collided with a vehicle operated by William Reynolds. Nestro commenced action No. 1 against the Harrisons and Reynolds. Sanabria commenced action No. 2 against the same defendants. A joint trial was held on the issue of liability. At the close of the evidence, the trial court granted the Harrisons' and Reynolds's separate motions pursuant to CPLR 4401 for judgment as a matter of

law on the issue of liability in both action No.1 and action No. 2, and entered a judgment dismissing the complaints in both actions. We reverse.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Alicea v Ligouri*, 54 AD3d 784 [2008]; *Alameldin v Kings Castle Caterers, Inc.*, 53 AD3d 514 [2008]). "In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (*Cathey v Gartner*, 15 AD3d 435, 436 [2005]; *see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2002]). Here, conflicting testimony was presented as to the facts surrounding this intersection accident. Viewing the evidence in the light most favorable to the nonmovants, sufficient evidence was presented from which the jury could rationally find that Evan C. Harrison and/or Reynolds were at fault in the happening of the accident (*see generally Szczerbiak v Pilat*, 90 NY2d 553 [1997]). Accordingly, the trial court should not have granted the defendants' motions for judgment as a matter of law pursuant to CPLR 4401. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.