Wilson v Dantas (2019 NY Slip Op 04486)





Wilson v Dantas


2019 NY Slip Op 04486


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


650915/12 9569 9568

[*1]Robert E. Wilson III, Plaintiff-Appellant,
v
Daniel Valente Dantas, et al., Defendants-Respondents, Opportunity Equity Partners, L.P., Defendant.


Lankford & Reed, PLLC, Alexandria, VA (Terrance G. Reed of the bar of the Commonwealth of Virginia and the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Boies Schiller Flexner LLP, New York (Philip C. Korologos of counsel), for respondents.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered January 17, 2018, which respectively granted defendants Daniel Valente Dantas, Opportunity Equity Partners, Ltd., and Opportunity Invest II, Inc.'s motion for summary judgment dismissing the amended complaint, and denied plaintiff's motion for partial summary judgment on liability, unanimously affirmed, without costs.
Plaintiff alleges that defendants promised him a 5% interest in the profits generated by an investment scheme that he designed, but wrongfully refused to pay him the monies owed.[FN1]
The breach of contract claim was correctly dismissed. The alleged contract is purportedly embodied in three documents authored by plaintiff: a July 1997 term sheet, which allegedly memorialized a prior oral agreement; a 2007 letter, in which plaintiff conditioned his consent to an unrelated transaction on "a full and fair resolution of the contractual arrangements between us, . . . including my carried interest of 5%"; and a 2008 letter, which allegedly memorialized a prior oral agreement that plaintiff would be paid his 5% carried interest upon the settlement of a related federal action.
It is undisputed that the July 1997 term sheet was never countersigned, despite plaintiff's express request, thereby evincing the absence of mutual assent, which is required to create a binding contract (see generally Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]). Moreover, the alleged oral agreement could not have survived the subsequent execution of the written Shareholders' Agreement, which contained profit-sharing provisions and an integration clause indicating that it "constitutes the entire agreement between the parties" and "supersedes any previous agreement" (see Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 387 [1981]; SERE Holdings Ltd. v Volkswagen Group U.K. Ltd., [2004] EWHC 1551 ¶ 22). Plaintiff's reliance on the determinations made in a related Cayman Islands litigation is misplaced, as the agreement at issue in that litigation differed materially from the one at issue here.
Insofar as plaintiff argues that the 2007 and 2008 letters constitute separate agreements, this argument is unavailing, because these letters fail to comport with the amendment process set forth in the Shareholders' Agreement (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 425 [2013]; BNP Paribas Mtge. Corp. v Bank of Am., N.A., 778 F Supp 2d 375, 411 [SD NY 2011]). Moreover, the terms of the 2007 letter are insufficiently definite, reflecting a mere agreement to agree.
The breach of fiduciary duty claim was also correctly dismissed. Even if (some of the) defendants owed plaintiff fiduciary duties (an issue we do not reach), the crux of the purported wrong was the "failure to pay money in accordance with an alleged promise," which is, at bottom, "a breach of contract, not a tort" (Sheehy v Clifford Chance Rogers & Wells, 1 AD3d 225, 230 [1st Dept 2003], revd on other grounds 3 NY3d 554 [2004]).
The unjust enrichment, quantum meruit, and monies had and received claims were correctly dismissed because plaintiff's relationship with defendants was governed by the written Shareholders' Agreement (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 74-75 [1st Dept 2017]; Melcher v Apollo Med. Fund Mgt. L.L.C., 105 AD3d 15, 27 [1st Dept 2013]).
Similarly, the promissory estoppel and fraudulent inducement claims were correctly dismissed because plaintiff could not have reasonably relied on the alleged oral promise in light of the integration and amendment provisions of the Shareholders' Agreement (see Capricorn Invs. III, L.P. v CoolBrands Intl., Inc., 66 AD3d 409, 410 [1st Dept 2009]; see also generally P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376 [1st Dept 2003]).
We find an equitable accounting to be unwarranted. We also reject plaintiff's argument that summary judgment was premature, and decline to review his argument that the motion court erred in
striking his jury trial demand in a prior order that is not properly before us.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK



Footnotes

Footnote 1: The investment scheme involved the creation of several Cayman Islands entities, and some (but not all) of the governing documents are governed by Cayman Islands law. The parties do not analyze whether New York or Cayman Islands law applies to each claim. At any rate, the laws do not appear to differ meaningfully.