Brewer v Ross (2020 NY Slip Op 06483)





Brewer v Ross


2020 NY Slip Op 06483


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-11352 
2017-11353
 (Index No. 8616/11)

[*1]William Brewer, appellant, 
v
Serina L. Ross, et al., respondents, et al., defendants.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Francis J. Scahill of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered August 29, 2017, and (2) an order of the same court dated September 12, 2017. The judgment, upon a jury verdict in favor of the defendants Serina L. Ross and Milton E. Nielson, Jr., on the issue of liability on the common-law negligence cause of action, and upon the granting of the motion of those defendants, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants Serina L. Ross and Milton E. Nielson, Jr., on the issue of liability on the common-law negligence cause of action as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment is reversed, on the law and the facts, the complaint is reinstated insofar as asserted against the defendants Serina L. Ross and Milton E. Nielson, Jr., and the matter is remitted to Supreme Court, Suffolk County, for a new trial; and it is further,
ORDERED that the order is reversed, on the facts, and the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability on the common-law negligence cause of action as contrary to the weight of the evidence and for a new trial is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants Serina L. Ross and Milton E. Nielson, Jr.
This action arises out of personal injuries sustained by the plaintiff after a scaffold collapsed at the home of the defendants Milton E. Nielson, Jr., and Serina L. Ross (hereinafter together the defendants). In November 2009, the defendants decided to construct a detached two-story garage on their property. Nielson, a mechanic, made an informal bartering arrangement with [*2]the defendant John Gloor, a carpenter, to secure his help building the garage. Gloor then arranged for the plaintiff and several other laborers to help with the construction. On the day of the accident, a scaffold consisting of two 2-by-6 boards and a 24-foot aluminum plank was set up on the right side of the garage.
Two conflicting accounts of how the accident occurred were presented at the trial. According to the plaintiff, Nielson was operating a Bobcat in the garage, using it to lift plywood and other materials up to Gloor and others. While doing so, Nielson's Bobcat allegedly struck the scaffold and caused it to collapse. According to the testimony of the defense witnesses, the plaintiff was working on the second floor of the garage and jumped down approximately two feet onto the scaffold, causing one of the supports for the aluminum plank to break.
The plaintiff commenced this action to recover damages for personal injuries he sustained in the accident. At the close of evidence of the jury trial, the defendants moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging violations of the Labor Law insofar as asserted against them. The Supreme Court granted the motion, determining that the defendants were exempt from liability pursuant to the homeowner exemption under Labor Law §§ 240(1) and 241(6), and that Nielson did not direct or control the work to support liability under Labor Law § 200.
With respect to the common-law negligence cause of action, which was the only cause of action left to determine, the jury returned a verdict in favor of the defendants and against the plaintiff. On its verdict sheet, the jury found that Nielson was negligent, but that his negligence was not a substantial factor in causing the accident. A judgment was entered in favor of the defendants and against the plaintiff, dismissing the complaint. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary the weight of the evidence and for a new trial. In an order dated September 12, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from the judgment and the order.
We disagree with the Supreme Court's determination granting the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging violations of the Labor Law insofar as asserted against them at the close of evidence. "To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that there is no rational process by which the jury could find for the plaintiff against the moving defendant" (Nestro v Harrison, 78 AD3d 1032, 1033; see Szczerbiak v Pilat, 90 NY2d 553, 556). "'In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question'" (Nestro v Harrison, 78 AD3d at 1033, quoting Cathey v Gartner, 15 AD3d 435, 436).
The homeowner exemption to liability under Labor Law §§ 240(1) and 241(6) is available to owners of one- and two-family dwellings who contract for the performance of work on the premises, but who do not direct or control the work (see Sanders v Sanders-Morrow, 177 AD3d 920, 921; Nicholas v Phillips, 151 AD3d 731, 731; Garcia v Pond Acquisition Corp., 131 AD3d 1102, 1103). Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). Where, as here, the accident is caused by the manner in which the work is performed, recovery against a property owner cannot be had "unless it is shown that the [owner] had the authority to supervise or control the performance of the work" (Ortega v Puccia, 57 AD3d 54, 61; see Lazo v Ricci, 178 AD3d 811, 813).
Contrary to the Supreme Court's determination, we conclude that different inferences could be drawn from the evidence on the issue of whether Nielson had authority to or exercised authority to direct or control the work. Affording the plaintiff the benefit of every favorable inference and considering the evidence in the light most favorable to the plaintiff, there was a rational process by which a jury could find that the defendants were not exempt from liability by reason of the homeowner exemption under Labor Law §§ 240(1) and 241(6), and could find that they [*3]were liable under Labor Law § 200 (see CPLR 4404[a]; Szczerbiak v Pilat, 90 NY2d at 556).
We note that, in the interest of judicial economy, the better practice would have been for the Supreme Court to reserve determination on the motion for a directed verdict on the Labor Law causes of action, and allow those causes of action to go to the jury. "There is little to gain and much to lose by granting the motion for judgment as a matter of law after . . . the evidence has been submitted to the jury and before the jury has rendered a verdict. If the appellate court disagrees, there is no verdict to reinstate and the trial must be repeated" (Jacino v Sugarman, 10 AD3d 593, 595 [citations omitted]; see Siegel, NY Prac § 405 at 655 [3d ed 1999]; Rosario v City of New York, 157 AD2d 467, 472).
We also disagree with the Supreme Court's determination denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability on the common-law negligence cause of action as contrary to the weight of the evidence and for a new trial. "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Garret v Manaser, 8 AD3d 616, 617; see Evans v New York City Tr. Auth., 179 AD3d 105, 112-113; Stewart v Marte, 91 AD3d 754, 754). Assuming that Nielson struck the scaffold with the Bobcat, which was the only theory of common-law negligence presented by the plaintiff, then it is logically impossible under the circumstances to find that such negligence was not a substantial factor in causing the accident. Thus, the issues of negligence and proximate cause were so inextricably interwoven as to make it logically impossible to find Nielson negligent without also finding proximate cause.
Accordingly, we reverse the judgment and the order, and remit the matter to the Supreme Court, Suffolk County, for a new trial.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court