■ WESTCHESTER JOINT WATER WORKS, Appellant, v CITY OF YONKERS, Respondent. (Action No. 1.) WESTCHESTER JOINT WATER WORKS, Appellant, v CITY OF YONKERS, Respondent. (Action No. 2.) WESTCHESTER JOINT WATER WORKS, Appellant, v CITY OF YONKERS, Respondent. (Action No. 3.)—In three consolidated actions, *inter alia,* to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Braatz, J.), entered December 5, 1988 as, upon granting the defendant's motion, made at the close of the evidence, for judgment as a matter of law, is in favor of the defendant and against it dismissing the complaints.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff is a public benefit nonprofit organization which, *inter alia,* supplies water on a wholesale basis to the Village of Larchmont, the New Rochelle Water Company and the New York American Water Company. During at least the period from January 1, 1965, through March 1, 1976, the plaintiff owned an underground water transmission main which ran in part beneath an expanse of land in Yonkers known as Schultze Field. At the time that the water main was

installed in the late 1950's and for many years thereafter, there was a saucer-shaped unfilled area located practically in the center of Schultze Field, 5 to 10 feet below the surrounding grade. The plaintiff's pipeline and water main was laid within this low lying area. At some part prior to 1972 fill was deposited in the lower lying areas and the field became relatively level. Approximately nine or more feet of fill was deposited over the water main and pipeline in the plaintiff's easement area.

On or about January 28, 1972, the water transmission main in that area ruptured and certain of its sections pulled out from their connecting joints. As a result, a large quantity of water escaped and flooded portions of the adjacent area. Emergency repairs were made to the pipeline by the plaintiff at its expense.

In December 1972 and January 1973, two more breaks occurred in the pipeline beneath Schultze Field. The plaintiff made emergency repairs to the transmission main on both occasions at its expense. In 1975, the transmission suffered a fourth break. Once again, the plaintiff made repairs at its own expense. In 1976, the plaintiff installed an entirely new section of pipeline which bypassed the area previously filled over.

The plaintiff commenced the instant actions to recover costs it incurred in repeatedly repairing and eventually relocating the water transmission main which it alleged was damaged through the defendant's negligence and trespass. At the trial, the plaintiff established that the ruptures had resulted from the depositing of fill in the land directly above the water main. The plaintiff further attempted to establish that the filling operation had been undertaken without its permission by Rusciano Construction Company at the defendant's instructions, and that the defendant was liable for damages sounding in negligence and in trespass.

After the close of the evidence, the court granted the defendant's motion for judgment as a matter of law on the ground that there was insufficient evidence that Rusciano Construction Company had deposited the fill which caused the main to rupture.

The testimony adduced at trial failed to establish the identity of the person or entity who filled in the land above the water main. While one witness testified that the defendant had agreed to let Rusciano Construction Company dump landfill at Schultze Field, that witness further testified that the operation of Rusciano Construction Company was limited

to an area well removed from the plaintiff's water main. Furthermore, other witnesses testified that at least two other contractors prior to and after October 1971 were involved in dumping fill in Schultze Field on or near the water main. In granting a motion for judgment as a matter of law, the trial court must determine that by no rational process could the trier of facts find in favor of the nonmovant on the evidence presented (see, *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366). Based on the evidence introduced at the trial, we conclude that that standard was satisfied in this case. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.