(October 26, 1992)

■ HUMBERT AMPOLINI, Respondent, v LONG ISLAND LIGHT-
ING COMPANY et al., Appellants, et al., Defendant. (And a
Third-Party Action.)—In a negligence action pursuant to La-
bor Law § 240 to recover damages for personal injuries, the
defendants Long Island Lighting Company and Stone and
Webster Engineering Corp. separately appeal from a judgment
of the Supreme Court, Nassau County (Levitt, J.), entered
June 14, 1990, which, at the close of the evidence at a jury
trial, granted the plaintiff judgment as a matter of law on the
issue of liability.

Ordered that the judgment is reversed, on the law, and a
new trial is granted, with costs to abide the event.

In April 1979 the plaintiff was employed as a waterproofer
by Dravo Corporation (hereinafter Dravo), one of the contrac-
tors working on the Shoreham nuclear facility in Brookhaven,
Suffolk County (hereinafter Shoreham). Shoreham was owned
by the defendant Long Island Lighting Company (hereinafter
LILCO). LILCO allowed George W. Partridge to maintain a
food-service trailer on Shoreham's premises. LILCO had
wooden staircases and platforms built for Partridge to provide
access to the trailer.

On April 12, 1979, the roof of the trailer needed repair, and
the plaintiff was given authorization by his supervisors to fix
it. He climbed to the roof of the trailer on a wooden extension
ladder which was not secured in any manner, and after
completing the repairs, he fell off of the roof. There were no
witnesses to the accident. The plaintiff suffered various inju-
ries as a result of the fall, and brought the present action
under Labor Law § 240 against, *inter alia,* LILCO.

The trial court held that LILCO was an "owner" under
Labor Law § 240. At the trial, the plaintiff testified that he
had placed the ladder on the wooden platform, and that the
bottom of the ladder had slipped out as he transferred his
weight from the roof to the ladder to climb down from the
roof. However, Partridge, the owner of the trailer, claimed
that he saw the ladder standing upright against the trailer,
not on the platform, but on the ground next to the platform.
Following all of the testimony, the court granted the plaintiff's
motion for judgment as a matter of law on the issue of
liability.

We find that the court correctly concluded that LILCO was
an "owner" under Labor Law § 240, and, therefore, could be
liable for the plaintiff's injuries. Labor Law § 240 (1) provides

that "[a]ll contractors and owners and their agents * * * in the * * * repairing * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". This Court has stated that the term "owner" encompasses "a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (*Copertino v Ward,* 100 AD2d 565, 566; *see also, Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 114). While LILCO did not own the food-service trailer, it did derive a benefit from its presence on the Shoreham premises, and it should be considered an "owner" for purposes of Labor Law § 240 *(see, Gordon v Eastern Ry. Supply,* 181 AD2d 990; *Pouso v City of New York,* 177 AD2d 560).

However, it is well settled that, in granting a motion for judgment as a matter of law, the trial court must determine that by no rational process could the trier of facts find in favor of the nonmoving party on the evidence presented *(see, Westchester Joint Water Works v City of Yonkers,* 155 AD2d 534, 536; *Dooley v Skodnek,* 138 AD2d 102, 104). In considering such a motion, the evidence must be construed in the light most favorable to the nonmovant *(see, Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366; *see also, Quadrozzi v Norcem, Inc.,* 125 AD2d 559), and the motion should not be granted where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question *(see, Albero v Rogers,* 143 AD2d 246, 247; *Dolitsky v Bay Isle Oil Co., supra).* Based, *inter alia,* on Partridge's testimony concerning the location and position of the ladder, compared with the plaintiff's testimony, the jury could have drawn conflicting inferences as to how the accident occurred, and whether LILCO breached any duty to the plaintiff under Labor Law § 240. The issue of the witnesses' credibility was for the jury to determine *(see, Miller v Long Is. Light. Co.,* 166 AD2d 564). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.