■ DAVID P. COOPER, Respondent, v VIRGINIA LOEBNER, Appellant. [617 NYS2d 365] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Greenstein, J.) entered February 20, 1992 which, upon a jury verdict, is in favor of the plaintiff and against the defendant on the issue of liability.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On January 12, 1989, the plaintiff was shot by the defendant's handyman, August (Gus) Faoro in the defendant's home in Ulster County with a gun which the defendant kept in an unlocked closet on the premises. Thereafter, the plaintiff commenced this action alleging that the injuries he sustained resulted from the defendant's negligence, *inter alia,* in failing to safeguard the weapon in light of her knowledge that Faoro was undergoing some type of psychotic breakdown and had been acting in a bizarre and agitated manner.

The testimony at the ensuing trial revealed that the defendant hired the plaintiff in the summer of 1988 to serve primarily as a chauffeur and after she employed him in that capacity in New York City, the defendant asked him to accompany her to her country home in Ulster County. It was in that setting that the plaintiff made the acquaintance of August Faoro, who for more than 20 years had served as the home's caretaker. There was considerable trial testimony from the plaintiff that Faoro appeared to be experiencing a psychotic breakdown during the fall of 1988, which was characterized by hallucinations and paranoid ideations. The plaintiff also indicated, however, that Faoro had never, to the plaintiff's knowledge, acted violently toward another person prior to the shooting incident nor expressed any malice toward the plaintiff in particular. Moreover, the plaintiff also acknowledged on the stand that he never feared any harm from Faoro. Indeed, the testimony of the plaintiff portrayed the two men as having an amicable relationship with one another. While it is also true that the plaintiff testified that he had informed the defendant that he had heard Faoro threaten to kill himself and the defendant several weeks before the inci-

dent, it was also established at trial that Faoro had been making idle threats of that nature "for years". Moreover, at no time did the plaintiff testify that Faoro had ever threatened him.

In light of these facts, we conclude that by no rational process could the trier of facts conclude that it was foreseeable that Faoro would shoot the plaintiff (see, *Westchester Joint Water Works v City of Yonkers*, 155 AD2d 534; *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366; *Danielenko v Kinney Rent a Car*, 57 NY2d 198, 204). Therefore, the judgment must be reversed and the complaint dismissed.

In light of our determination, we need not reach the other issues raised by the defendant. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.