■ ILHAM AMAR et al., Appellants, v LUTHERAN MEDICAL CENTER, Respondent. [656 NYS2d 927] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Pincus, J.), entered November 30, 1995, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On May 13, 1991, the plaintiff Ilham Amar, while a patient at the defendant Lutheran Medical Center, allegedly tried to elevate the foot portion of her hospital bed when the bed collapsed to its lowest position. At trial, the plaintiffs proceeded on the theory of res ipsa loquitur and the jury rendered a unanimous verdict in favor of the defendant.

The trial court properly denied the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law. Viewing the evidence in the light most favorable to the defendant, there exists a rational process by which the jury could find for the defendant (*see, Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946, *for reasons stated below; Westchester Joint Water Works v City of Yonkers,* 155 AD2d 534, 536; *Dooley v Skodnek,* 138 AD2d 102).

In addition, the verdict is not contrary to the weight of the evidence since it has not been shown that the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Nicastro v Park,* 113 AD2d 129).

The plaintiffs' remaining contentions are either unpreserved for review or without merit. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.