■ PETER A. NOYES et al., Respondents, v EVAN GALEN et al., Defendants, and ROBERT MERRILL, Appellant. [700 NYS2d 73] —In an action to recover damages for personal injuries, etc., the defendant Robert Merrill appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Dunn, J.), entered September 23, 1998, which, upon the granting of the plaintiffs' application made at the close of evidence for judgment as a matter of law on the issue of liability, is in favor of the plaintiffs and against him.

Ordered that the interlocutory judgment is reversed, on the law, the plaintiffs' application for judgment as a matter of law on the issue of liability is denied, and a new trial is granted, with costs to abide the event.

The plaintiff Peter Noyes alleged that he was injured by a

"shingling hatchet" he was holding when the scaffolding on which he was working "see-sawed", causing him to fall. Noyes and his wife (asserting derivative claims) thereafter commenced this action against, *inter alia*, the defendant Robert Merrill, the general contractor on the job, alleging violations of Labor Law § 240. After the close of evidence, the trial court granted the plaintiffs' application for judgment as a matter of law on the issue of liability. We now reverse and order a new trial.

In granting an application for judgment as a matter of law, the trial court must determine that by no rational process could the triers of fact find in favor of the nonmoving party on the evidence presented (*see, Ampolini v Long Is. Light. Co.,* 186 AD2d 772). In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see, Ampolini v Long Is. Light. Co., supra*). Here, on the evidence presented, the jury could have drawn conflicting inferences as to the credibility of the witnesses, and as to how the accident occurred (*see, Ampolini v Long Is. Light. Co., supra; Garbacki v Hovnani at 80 N. Westchester,* 248 AD2d 434). Accordingly, the trial court should not have granted judgment as a matter of law in favor of the plaintiffs, and a new trial is required. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.