▪ ANDERS N. JOHNSON, Appellant, v DOUGLAS A. SLATER et al., Respondents. [731 NYS2d 665] —In an action, *inter alia*, to recover damages for breach of a housing merchant implied warranty pursuant to General Business Law article 36-B, the plaintiff appeals (1) from a decision of the Supreme Court, Westchester County (DiBlasi, J.), dated May 12, 2000, and (2), as limited by his brief, from so much of a judgment of the same court, entered June 13, 2000, as, upon the granting of that branch of the defendants' motion pursuant to CPLR 4401 made at the close of the plaintiff's case which was for judgment as a matter of law with respect to the cause of action to recover damages for breach of a housing merchant implied warranty pursuant to General Business Law article 36-B, is in favor of the defendants and against him dismissing that cause of action.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendants built a single-family home in South Salem, New York, which the plaintiff purchased from them after several inspections. After moving into the house, the plaintiff notified the defendant Douglas A. Slater of certain alleged defects in the house. When Slater offered to repair only some of the al-

leged defects, the plaintiff commenced this action, *inter alia*, to recover damages for breach of a housing merchant implied warranty pursuant to General Business Law article 36-B (*see,* General Business Law § 777-a [1]).

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion pursuant to CPLR 4401 made at the close of his case which was for judgment as a matter of law with respect to the cause of action to recover damages for breach of the housing merchant implied warranty. Viewing the evidence in the light most favorable to the plaintiff, by no rational process could the jury have found in his favor on the evidence presented (*see, Noyes v Galen,* 267 AD2d 365; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.