■ ROBERT CAMERON, Respondent, et al., Plaintiff, v CITY OF LONG BEACH, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. MONTENAY LONG BEACH CORP., Third-Party Defendant-Appellant. [748 NYS2d 26]

The injured plaintiff, Robert Cameron, was employed by the third-party defendant, Montenay Long Beach Corp. (hereinafter Montenay), the operator of a resource recovery plant owned by the defendant City of Long Beach (hereinafter Long Beach).

While repairing a broken water softener, he slipped and fell on a puddle of oil which had leaked from a turbine. The injured plaintiff and his wife thereafter commenced this action against, among others, Long Beach alleging, inter alia, a violation of Labor Law § 241 (6). Long Beach then commenced a third-party action against Montenay seeking common-law indemnification. At the close of the evidence, the trial court granted the plaintiffs' motion for judgment as a matter of law on the issue of liability pursuant to Labor Law § 241 (6). We reverse and order a new trial.

In granting a motion for judgment as a matter of law, the trial court must determine that by no rational process could the triers of fact find in favor of the nonmoving party on the evidence presented (*see Noyes v Galen,* 267 AD2d 365). In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Noyes v Galen, supra; Ampolini v Long Is. Light. Co.,* 186 AD2d 772).

Labor Law § 241 (6) imposes upon owners and contractors the duty to provide reasonable and adequate protection and safety to persons employed in construction, excavation, and demolition work (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). To support a claim under this section, a plaintiff must allege a violation of a specific "concrete" provision of the Industrial Code (*id.* at 502-505).

In this case, the trial court properly determined that the injured plaintiff, while repairing the water softener, was engaged in "construction work" within the purview of Labor Law § 241 (6) (12 NYCRR 23-1.4 [b] [13]; *see Sprague v Peckham Materials Corp.,* 240 AD2d 392). However, as the evidence adduced presented an issue of fact as to whether the Industrial Code provision upon which the plaintiffs relied, 12 NYCRR 23-1.7 (d), was violated, that issue should have been resolved by a jury. On the evidence presented, the jury could have drawn conflicting inferences as to whether the conditions at the work site were reasonable under the circumstances. Accordingly, the trial court should not have granted the plaintiffs' motion for judgment as a matter of law, and a new trial is required. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.