| |
| --- |
| **Silvera v Footprints Cafe S. Inc.** |
| 2024 NY Slip Op 34535(U) |
| December 31, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512266/2021 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At IA Part 75 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse located at 360 Adams Street, Brooklyn, New York, on the 31st day of December 2024.

PRESENT:

HON. ANNE J. SWERN

Justice.

--------------------------------------------------------------------X

SONYA SILVERA

**DECISION AND ORDER**

Plaintiffs,

-against-

Index #512266/2021

**FOOTPRINTS CAFE SOUTH INC.**

Motion Seq.: 003

Defendants

--------------------------------------------------------------------X

*Recitation of the papers as required by CPLR 2219(a):*

Papers Number

Notices of Motion, Affirmation, Statement
of Material Facts and Exhibits (NYSCEF 37-47)..................................................1, 2

Affirmation in Opposition (NYSCEF 48).....................................................................3

Affirmations in Reply (NYSCEF 50) ...........................................................................4

*Upon the foregoing papers and after oral argument, the decision and order of the Court is as follows:*

In this personal injury action, defendant moved for summary judgment pursuant to CPLR § 3212, dismissing the complaint.

Plaintiff alleges that on August 20, 2020, she slipped and fell on a greasy substance on the floor of the area where she was waiting for her table at defendant's restaurant. Plaintiff testified that the restaurant's manager told her that he had previously instructed the staff to mop the floor but that the mop had grease. Therefore, the manager

admitted to either creating the condition or having actual notice of its existence before her fall.

The manager denied making any such statement and testified that the area had been mopped the night before and dried. Additionally, he passed through the area to escort patrons to their tables every 15 minutes and did not observe spillage or greasy substances. Defendant argues that the admissions alleged by plaintiff are inadmissible hearsay because the manager was not authorized to speak for the defendant. Therefore, plaintiff cannot establish actual or constructive notice of the alleged condition or that it was caused by defendant, and summary judgment should be granted. In support of this argument, defendant cites numerous decisions prior to the 2021 Amendment to CPLR § 4549.

CPLR § 4549 states that "A statement offered against an opposing party shall not be excluded from evidence as hearsay if made by a person whom the opposing party authorized to make a statement on the subject *or by the opposing party's agent or employee on a matter within the scope of that relationship and during the existence of that relationship*" (emphasis added).

When deciding a summary judgment motion, the Court's role is solely to identify the existence of triable issues, not to determine the merits of any such issues (*Vega v. Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v. Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court views the evidence in the light most favorable to the nonmoving party, affording the nonmoving party the benefit of all

[* 2]

reasonable inferences that can be drawn from the evidence (*see Negri v. Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v. City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

Here, the Court may properly consider the foregoing statements by the restaurant's manager "when evaluating defendant's motion for summary" (*GL Doe 5 v. Fleming*, 229 AD3d 1076, 1078-1079 [4th Dept. 2024]; CPLR § 4549). Plaintiff has demonstrated that the conflicting deposition testimony submitted in support of defendant's motion raises a triable issue of fact that defendant's employee, within the scope and during the existence of his relationship as the manager of the restaurant, admitted to causing and creating the condition or had actual and constructive notice of its existence to impute notice to defendant (*GL Doe 5 v. Fleming*, 229 AD3d 1081-1082). The jury must determine the parties' credibility and whether (1) the statements were made by the manager and are sufficient to impute notice to defendant and (2) the condition existed for a sufficient length of time that the manager should have discovered it while escorting patrons to their tables (*See Cameron v. City of Long Beach*, 297 AD2d 774). Based on the foregoing, defendant failed to meet its burden of proof and establish a *prima facie* entitlement to summary judgment (*GL Doe 5 v. Fleming*, 229 AD3d 1081-1082).

Accordingly, it is hereby

**ORDERED** that the defendant's motion for a summary judgment is denied in its entirety.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____ DEC 3 1 2024

Hon. Anne J. Swern, J.S.C.