| |
|---|
| **Diallo v Todria** |
| 2025 NY Slip Op 31106(U) |
| April 3, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 508141/2023 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 3rd day of April 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

NZINGAH DIALLO,

*Plaintiff(s),*

-against-

MAMUKATODRIA, GIA GIORGOBIANI, LYFT. INC.,
SEBASTIAN WILBERGER and AVALON SANDERS,

*Defendant(s).*

**DECISION & ORDER**
Index No.: 508141/2023

Calendar No.: 6 & 7

Motion Seq.: 001 & 002

Return Date: 2/13/2025

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

**MS#1** Wilberger's Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 20-29)........................................1, 2
Affirmation and Exhibits in Opposition (NYSCEF 51-66) .................3
Reply Affirmation (NYSCEF 66) ......................................................4

**MS#2** Lyft's Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 31-41)........................................5, 6
Affirmation and Exhibits in Opposition (NYSCEF 56-61) .................7
Reply Affirmation (NYSCEF 65) ......................................................8

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

This is an action for personal injuries arising out of a two-vehicle accident. Plaintiff was

a passenger in Giorgobiani's vehicle. Plaintiff connected with Giorgobiani through Lyft.

Lyft has moved for summary judgment based on the affidavit of Giorgobiani that her

vehicle was struck when the Wilberger vehicle made a left turn (NYSCEF 38). The affidavit

states that Giorgobiani's vehicle was stopped at a red light. In opposition, plaintiff offers her pre-

trial testimony during an Examination Under Oath conducted by American Transit Insurance

Company (NYSCEF 61). Plaintiff testified that the traffic light was green, and the vehicle was moving at the time of the accident. However, Giorgobiani was looking down at her phone and touching the buttons. (NYSCEF 42, pp.40-43). The Wilberger vehicle was a 1999 Mercury Sedan with a Texas license plate number LXZ2693 (NYSCEF 52 and 58).

Wilberger moves to dismiss this action pursuant to CPLR § 3211 [a] [7] based on the affidavits of his insurance broker, claims handler for Travelers Insurance Company, and Wilberger. Wilberger states that on 9/25/22, he sold the 1999 Mercury for cash through Facebook Marketplace and does not know the identities of the buyer (NYSCEF 26, pp.1-2). Each affidavit attests to the fact that on 10/12/2022, plaintiff surrendered the New York State license plates #KSJ8939 for the vehicle involved in this accident (NYSCEF 26-28). Wilberger does not know the alleged driver Avalon Sanders (NYSCEF 26).[1] The claims handler obtained a NYS DMV Registration Record Expansion that documents the voluntary plate surrender for the 1999 grey Mercury sedan (NYSCEF 27, p.11), and a Texas DMV search that revealed license plate #LXZ2693 was registered to a White 2015 Infiniti Q50 (id., p.9). However, the Registration Record Expansion lists Wilberger as the current owner of the vehicle as of 10/4/2023 (NYSCEF 27, p.11).[2] Wilberger did not provide a title search for the 1999 Mercury sedan.

Both motions are denied.

When deciding a summary judgment motion, the Court's only role is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations

---

[1] The police report documents that Sanders was a passenger not the driver. The driver fled the scene. (NYSCEF 52 and 58).

[2] Wilberger's name and information does not appear in the "Prior Owners" section of the REGISTRATION RECORD EXPANSION.

omitted]). The Court must view the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

Although Lyft established a *prima facie* entitled to summary judgment, plaintiff established a question of fact of whether Giorgobiani was looking down at her mobile phone at the time of the accident. The Court cannot resolve the issues of credibility vis-à-vis the conflicting versions of events in Giorgobiani's affidavit and plaintiff's sworn testimony under oath (*Xiang Fu He v Troon Management, Inc.*, 34 NY3d 175). All drivers have a duty to see what there is to be seen (*Filippazzo v Santiago*, 277 AD2d 419, 420 [2d Dept 2000] and *Byrne v Calogero*, 96 AD3d 704, 705 [2d Dept 2016]). A jury must weigh the parties' credibility and determine whether Giorobiani was negligent by looking at her mobile phone while driving. If the jury answers this question in the positive, then it must then determine whether this conduct was a "superseding cause which severed the causal connection" between the negligence of Wilberger's alleged driver while making a left turn and plaintiff's injuries (*Adami v Wallace*, 68 AD3d 1397, 1399 [3rd Dept 2009]).

Wilberger's motion to dismiss is denied based on the failure to submit the results of a New York and Texas DMV title search for the vehicle in question to determine the owner of the vehicle on the date of the accident. The plate surrender is insufficient to establish the transfer of ownership of the vehicle because the Registration Record Expansion still lists Wilberger as the owner of the vehicle involved in the accident. The Court has considered Wilberger's argument

concerning the cause of action for negligent entrustment and finds same to be without merit. This argument overlooks the allegation that Wilberger was the operator of the motor vehicle on the date of accident (NYSCEF 1, ¶9).

Accordingly, it is hereby

ORDERED that LYFT, INC.'s motion for summary judgment dismissing the complaint per CPLR § 3212 is denied, and it is further

ORDERED that WILBERGER'S motion to dismiss per CPLR § 3211 [a] [7] is denied.

This constitutes the decision and order of the Court.

ENTER:

_____

**Hon. Anne J. Swern, J.S.C.**
**Dated: 4/3/2025**

For Clerks use only:

MG _____

MD ___X___

Motion seq. # ___1 & 2___

[* 4]