| |
|:---:|
| **Nudelman v Muller** |
| 2025 NY Slip Op 31825(U) |
| May 19, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 530938-2024 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 19th day of May 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

ALINA NUDELMAN,

**DECISION & ORDER**
Index No.:     530938-2024

Plaintiff(s),

Calendar No.: 33 & 34

-against-

Motion Seq.:   001 & 002

TAMAS MULLER,

Defendant(s).

*Recitation of the following papers as required by CPLR 2219(a):*

|  | Papers Numbered |
|---|---|
| Plaintiff's Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF 2-6)..................................................................1, 2 | |
| Defendant's Notice of Cross-Motion, Affirmation in Support and in Opposition to Plaintiff's Motion, Affidavits and Exhibits (NYSCEF 8-11) ........................3, 4 | |
| Plaintiff's Affirmation in Opposition to Cross-Motion and in Further Support of Motion (NYSCEF 14) ................................................5 | |

*Upon the foregoing papers and after oral argument, the decision and order of the Court is as follows:*

Plaintiff commenced this action by filing a Summons and Notice of Motion for Summary Judgment in Lieu of a Complaint seeking a sum certain of $50,000.00. In support of the motion, Nudelman submitted an affidavit stating that she and defendant entered into a Buyout Agreement on 4/22/2024 for her 42.5% ownership interest in Golden Minds Prep LLC, a daycare center. Defendant purchased her share for $100,000.00, payable in two installments. Defendant paid the first installment but defaulted on the second payment that due on 10/31/2024.

[*1]

In opposition, defendant served a cross-motion to dismiss this action based on plaintiff's failure to first submit this dispute to mediation pursuant to Article 13 of the Operating Agreement signed by the parties on 9/30/2022. Additionally, defendant's affidavit stated that plaintiff breached the terms of the Buyout Agreement by failing to fulfill her specific obligations under the contract. Therefore, summary judgment in lieu of the complaint is unavailable to plaintiff. In opposition to the cross-motion, Nudelman did not submit an affidavit addressing the allegations that she did not fulfill her obligations under the Buyout Agreement.

Both motions are denied.

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). "A party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital*, 68 NY2d 324). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324).

The Court's only role upon a motion for summary judgment is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012])or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court must view the evidence in the light most favorable to the nonmoving party, affording them

[*2]

the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

Plaintiff established a *prima facie* entitlement to summary judgment through admissible evidence in the form of an affidavit and the contract at issue (*Giuffrida v Citibank*, 100 NY2d 81). However, defendant's affidavit rebutted this *prima facie* entitlement to judgment by demonstrating the existence of questions of fact concerning plaintiff's performance under the Buyout Agreement (*see Cameron v City of Long Beach*, 297 AD2d 774).

Plaintiff was not bound to first proceed to mediation before filing the summons and complaint. The mediation clause in the original Operating Agreement was superseded by ¶8 of the Buyout Agreement that reads as follows: "Entire Agreement. This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof and *supersedes all prior agreement and understandings, both written and oral.*" (NYSCEF 5).

Defendant shall interpose an answer within 10 days of service of this Order with Notice of Entry pursuant to CPLR § 3211 [a] [f].

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment in lieu of a complaint is denied (MS 001), and it is further

ORDERED that defendant's motion to dismiss is denied (MS 002), and it is further

ORDERED that defendant shall interpose an answer pursuant to CPLR § 3211 [f].

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
Dated: 5/19/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____