| |
|---|
| **Layne v Ramirez** |
| 2025 NY Slip Op 32315(U) |
| June 26, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 525865/2022 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 26TH day of June 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

LOVEL A. LAYNE,

**DECISION & ORDER**

Index No.: 525865/2022

*Plaintiff,*

Calendar No.: 22 & 23

-*against*-

Motion Seq.: 001 & 002

J P MOLINA RAMIREZ a/k/a JESUS P.
MOLINA RAMIREZ and BONFILIO FLORES,

*Defendants.*

*Recitation of the following papers as required by CPLR 2219(a):*

| | | Papers Numbered |
|---|---|---|
| **MS001** | Plaintiff's Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF 23-33) | 1, 2 |
| | Affirmation and Exhibits in Opposition (NYSCEF 38-41) | 3 |
| | Opposition to Cross Motion & Reply Affirmation with Exhibits (NYSCEF 38-41) | 4 |
| **MS002** | Defendants' Notice of Cross-Motion, Affirmation, Affidavits and Exhibits (NYSCEF 35-37) | 5, 6 |
| | Affirmation and Exhibits in Opposition (NYSCEF 38-41) | 7 |
| | Reply Affirmation (NYSCEF 42) | 8 |

*Upon the foregoing papers and after oral argument, the decision and order of the Court
is as follows:*

This is an action for personal injuries arising out of an automobile accident on 8/5/2020.

Both parties have moved for summary judgment in their favor.

Plaintiff testified that while traveling northbound on Route 9A, just north of Route 133,

Village of Ossining, New York, she observed a flying box approximately five to six car lengths

in front of her coming from the southbound lanes of traffic. Plaintiff slowed down from 25 mph to 15 mph, without stopping, when she heard a "bang," as defendants' vehicle struck her in the rear driver's side of her vehicle in violation of VTL § 1129 [a]. Defendant testified that he was traveling in the left lane at 50 mph when plaintiff abruptly cut from the right lane into his lane of traffic in violation of VTL § 1128 [a]. Further, plaintiff was erratically changing lanes before the accident and completely stopped her vehicle across both lanes of traffic. Defendant could not avoid the accident as there was a guardrail to his left. Both parties submitted photographs of the vehicles demonstrating that the points of impact were the left rear corner of plaintiff's vehicle and the right front corner of defendants' vehicle.

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). "A party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital*, 68 NY2d 324). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324).

The Court's only role upon a motion for summary judgment is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The

2 of 4

Court must view the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

A violation of the Vehicle and Traffic Law constitutes negligence per se (*Siezeme v Levy*, 208 AD3d 809, 810 [2nd Dept 2022]). However, a party with the right of way may be held responsible for the accident if he or she did not use reasonable care to avoid the accident even though proceeding with the right-of-way (*Jeong Sook Lee-Son v Doe*, 170 AD3d 973, 975 [2d Dept. 2019]).

Both motions are denied. Neither party established a *prima facie* entitlement to summary judgment (*Ayotte v Gervasio*, 81 NY2d 1063). Plaintiff submitted the parties' deposition testimony and color photographs in support of the motion. Based on the testimony and photographs, plaintiff and defendants argue that the other violated separate sections of the Vehicle and Traffic Law. These questions of credibility and fact must be resolved by a jury (*Cameron v City of Long Beach*, 297 AD2d 774). The Court cannot determine upon motions for summary judgment the credibility and merits of either movant's version of events version of events (*id.; and Xiang Fu He v Troon Management, Inc.*, 34 NY3d 175).

The Court has considered the parties' remaining arguments and finds same to be without merit.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment (MS_001) and defendants' cross-motion for summary judgment (MS_002) are denied.

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 6/26/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____